'MATTER OF CORRAL-FRAGOSO*

In Deportation Proceedings

A-6127552

Decided by Board January 14, 1966

A lawful permanent resident alien's return to the United States following a
visit with his family in Mexico, during which absence he was involved in
criminal conduct in violation of 8 U.S.C. 1324(a)(2), for which he stands
convicted, made upon his return an entry on which to predicate a ground of
deportation [*Rosenberg* v. *Fleuti*, 374 U.S. 449, inapplicable] and is precluded
by the provisions of section 101(f)(3) of the Act from establishing good
moral character.

CHARGE:

Order: Act of 1952—Section 241(a)(13) [8 U.S.C. 1251]—Knowingly and
for gain encouraged, induced, assisted, abetted or
aided any other alien to enter the United States in
violation of law.

This case is before us on appeal from a special inquiry officer's
order of October 22, 1965, finding the respondent ineligible for dis-
cretionary relief and directing that he be deported from the United
States to Mexico in the manner provided by law on the charge con-
tained in the order to show cause. The appeal will be dismissed.

The respondent, a 57-year-old male alien, a native and national of
Mexico, was admitted to the United States for permanent residence
on December 8, 1926. His wife and their child are natives, na-
tionals and residents of Mexico. He last entered the United States
at El Paso, Texas, following a visit with his family in Juarez,
Mexico, on or about July 4, 1965.

On or about July 2, 1965, the respondent made arrangements with
Cresencio Salas-Guevara, a native and national of Mexico, in Juarez,
Mexico, to take the latter to Chicago, Illinois. Cresencio Salas-Gue-
vara told the respondent he did not have papers or a passport to

---

*See also, *Matter of Corral-Fragoso*, Int. Dec. No. 1564, of which the alien
in this case is also the subject.

legally enter the United States. Respondent told Cresencio Salas-Guevara in Juarez, Mexico, that he would have to pay the respondent $50 for taking him to Chicago. After Cresencio Salas-Guevara entered the United States illegally, he gave the respondent $50 before getting into the latter's car in El Paso for the trip to Chicago.

On or about July 3, 1965, in Juarez, Mexico, the respondent made arrangements to transport Arturo Alcantar-Guereca, a native and national of Mexico, to Chicago, Illinois. He knew that Arturo Alcantar-Guereca was only in possession of a local passport. In Juarez, Mexico, Arturo Alcantar-Guereca promised to pay the respondent $100 for his assistance after he arrived in Chicago and found work.

On July 4, 1965, the respondent was arrested in Alamogordo, New Mexico, en route to Chicago, Illinois, with the two aliens named above and three other aliens illegally in the United States, in his automobile. He had picked them up in El Paso after his return from Juarez and subsequent to their illegal entry into the United States, in accordance with arrangements made with them in Juarez. Subsequently, in the United States District Court for the Western District of Texas, El Paso Division, the respondent pleaded guilty to five counts of an indictment charging him with transporting, moving and attempting to transport and move certain aliens named therein, including the two named above, knowing that they had not been duly admitted by an immigration officer of the United States and were not lawfully entitled to enter and reside in this country, in violation of 8 U.S.C. 1324(a) (2).

The special inquiry officer's opinion contains a thorough discussion of the reasons why the foregoing renders the respondent deportable on the charge contained in the order to show cause, including a recitation of precedent decisions supporting his conclusion. Their repetition herein would serve no useful purpose. Suffice it to say that we concur in the special inquiry officer's conclusion for the reasons and on the basis of the precedent decisions set forth in his opinion. The only additional comment required on this point is that this aspect of the case stands unchallenged on appeal.

The only reason given for the taking of this appeal is that the respondent made no "entry" within the contemplation of the immigration laws on which to predicate deportability when he returned to the United States at El Paso, Texas, from Juarez, Mexico, on or about July 4, 1965. The claim is that the facts of this case bring it squarely within the scope of the decision of the Supreme Court of the United States in the case of *Rosenberg v. Fleuti* (374 U.S. 449). In that case, it was ruled by the Supreme Court that an "entry" with-

in the contemplation of the immigration laws depends upon a departure from the United States which can be regarded as meaningfully interruptive of the alien's permanent residence in this country. We, however, find that the ruling therein is not controlling here, for the reasons hereinafter set forth.

In construing the term "entry" as used in section 101(a)(13) of the Immigration and Nationality Act (8 U.S.C. 1101), the Supreme Court of the United States in the *Fleuti* case, *supra*, concluded that it effectuates Congressional purpose to construe the "intent" exception in that definition as meaning an intent to depart from the United States in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence here. One of the major factors set forth by the Court relevant to a determination of whether such intent can be inferred, was the purpose of the visit, for if the purpose of leaving the country was to accomplish some object which was itself contrary to some policy reflected in our immigration laws, it would appear that the interruption of residence thereby occurring would properly be regarded as meaningful. We believe that the purpose of this respondent's visit, as found by the special inquiry officer, in the light of all the facts of record, appears not to have been the innocent, casual and brief trip which occurred in the *Fleuti* case. Clearly on the evidence of record, which stands undisputed in this respect, this respondent's absence from the United States preceding his last return to this country involved conduct branded criminal by the Immigration and Nationality Act, and for it he stands convicted. Accordingly, we agree with the special inquiry officer that the facts and circumstances of this case vary so much from those in the *Fleuti* case as to render the holding therein inapplicable. In other words, the purpose of this respondent's visit to Mexico, as established by the uncontested facts of record, appears not to have been the innocent, casual and brief type of trip necessary to bring this case within the judicial precedent relied upon.

Finally, we note that the respondent has not made an application for any form of discretionary relief. In this connection, he does not appear to be eligible for any such relief, as the special inquiry officer has pointed out. The reason is that he may not be regarded as a person of good moral character because of the provision in section 101(f)(3) of the Immigration and Nationality Act (8 U.S.C. 1101) that no person shall be regarded as, or found to be, a person of good moral character who during the period for which good moral character is required to be established, is or was a person described in section 212(a)(31) of the Act (8 U.S.C. 1182). That

section in substance, provides that any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted or aided any other alien to enter or try to enter the United States in violation of law shall be ineligible to receive a visa and shall be excluded from admission into the United States. Clearly, in view of the foregoing, the special inquiry officer has correctly applied the facts of this case to the pertinent provisions of the statute. No claim to the contrary has been raised.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.