## MATTER OF VALDOVINOS

### In Deportation Proceedings

### A-10630609

*Decided by Board September 11, 1973*

A lawful permanent resident alien's brief departure to Mexico, withthe intention of assisting aliens in entering the United States unlawfully, constitutes a meaningful interruption of his residence (*Rosenberg* v. *Fleuti*, 374 U.S. 449); hence, upon his return to this country he made an entry within the meaning of section 101(a)(13) of the Immigration and Nationality Act upon which to predicate a ground of deportability.

CHARGE:

Order: Act of 1952—Section 241(a)(13) [8 U.S.C. 1251(a)(13)]—Prior to entry, knowingly and for gain encouraged, induced, assisted, abetted or aided any other alien to enter or to try to enter the United States in violation of law.

This is an appeal from a decision of an immigration judge, dated December 8, 1972, which found the respondent deportable and directed his deportation. The appeal will be dismissed.

The respondent is a 50-year-old male alien who is a native and citizen of Mexico. He was admitted for permanent residence on January 24, 1957. On March 4, 1971, he departed the United States for Mexico and returned the same day as a "returning resident alien." However, shortly after entering the United States he was arrested for willfully or knowingly encouraging or inducing the entry into the United States of an alien not entitled to enter or reside within the United States in violation of section 274(a)(4) of the Immigration and Nationality Act (8 U.S.C. 1324(a)(4)); and knowingly transporting an alien who is in the United States in violation of section 274(a)(2) of the Act (8 U.S.C. 1324(a)(2)). On May 5, 1971, the respondent plead guilty, and was found guilty, of violating section 274(a)(2) of the Act (8 U.S.C. 1324(a)(2)). He was sentenced to imprisonment for four years and is presently incarcerated at a Federal Correctional Institution.

At a deportation hearing on December 5, 1972, the respondent admitted that he entered into an agreement with three Mexican

438

citizens to transport them to Los Angeles, California. He conceded that he had transported them *within* the United States knowing that they were in the United States illegally. However, he emphatically denied that he had knowingly and for gain, encouraged, induced, assisted, abetted, or aided anyone to enter or try to enter the United States in violation of the law. He asserted that he had never seen or contacted the Mexican citizens prior to meeting them in Calexico, California.

The respondent's testimony concerning his initial contact with the three Mexican citizens directly contradicts the factual account two of the Mexican citizens gave to an immigration officer. Both stated, under oath, that the respondent had met them in Tijuana, B.C., Mexico on March 3, 1971 and made arrangements to meet them the next day in Mexicali, B.C., Mexico. They stated that they met the respondent on the following day and he instructed them to cross the border into the United States and he would pick them up in Calexico, California. Both Mexican citizens stated that the respondent provided them with entry cards and, in return for respondent's assistance, they paid him $100 each.

After carefully evaluating the entire record, we sustain the immigration judge's finding that on March 3, 1971, the respondent did knowingly and for financial gain, induce and assist three aliens in entering the United States illegally; and on March 4, 1971, the respondent departed the United States with the intent to further assist the aliens in entering this country.

The only issue remaining which pertains to the deportability of the respondent under section 241(a)(13) is whether he performed his illegal activities prior to making an "entry" into the United States. Since the respondent was admitted for permanent residence before his March 4, 1971 departure, he can be subject to the consequences of an "entry" upon his return only if that departure constitutes a meaningful interruption of his resident alien status, *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963).[1]

In analyzing whether a departure from the United States is a meaningful interruption of residence, the Supreme Court in *Rosenberg* v. *Fleuti* stated that "if the purpose of leaving the country is to accomplish some object which is itself contrary to some policy reflected in our immigration laws, it would appear that the interruption of residence thereby occurring would properly be

---

[1] The United States Supreme Court stated that if a trip is "innocent, casual and brief, it is consistent with all the discernible signs of congressional purpose to hold that the 'departure ... was not intended' within the meaning and ameliorative intent of the exception to section 101(a)(13)."

regarded as meaningful." [2] Although we recognize that the reason for departing the country is only one of several major factors which should be considered in determining whether a departure is a meaningful interruption of residence,[3] we conclude that this one factor, standing alone, can be deemed sufficient to warrant a finding that a meaningful interruption of residence has occurred. [4]

In the present case, we conclude that respondent's excursion to Mexico from the United States was neither innocent nor casual. It was not innocent in that the primary reason respondent departed the United States was for the purpose of violating the immigration law. In a case involving a similar factual situation, the Fifth Circuit Court of Appeals in *Solis-Davila* v. *INS*, 456 F.2d 424 (C.A.5, 1972) stated that a departure from the United States for the express purpose of unlawfully smuggling several aliens into the country is "precisely the activity for which *Fleuti* provides no relief." We agree with that conclusion. [5]

The respondent's trip to Mexico was a planned excursion which was designed to benefit the respondent pecuniarily. It was neither unforeseen nor executed by chance. Rather, it was prearranged and deliberate. The respondent made definite plans on March 3, 1971 to meet three Mexican citizens on the following day in Mexico. The time and place that they were to rendezvous was designated in advance. Therefore, it is evident that respondent's departure from the United States on March 4, 1971 was not casual within the meaning of *Fleuti*.[6] Accordingly, since the trip was neither innocent nor casual, we conclude that respondent's departure was a meaningful interruption of his status as a permanent resident and his return to the United States on March 4, 1971 constituted an "entry" as defined by section 101(a)(13) of the Act.

---

[2] *Rosenberg* v. *Fleuti*, 374 U.S. 449, 462 (1963); *Accord, Matter of Valencia-Barajas*, 13 I. & N. Dec. 369 (BIA, 1969).

[3] In *Rosenberg* v. *Fleuti*, 374 U.S. 449, 462 (1963), the Supreme Court enumerated three relevant factors which should be considered: (1) The length of time the alien is absent. (2) The purpose for leaving the country. (3) The necessity of obtaining travel documents.

[4] *See generally Yanez-Jacquez* v. *INS*, 440 F.2d 701 (C.A. 5, 1971); *Matter of Valencia-Barajas*, 13 I. & N. Dec. 369 (BIA, 1969); *Matter of Corral-Fragoso*, 11 I. & N. Dec. 478 (BIA, 1966).

[5] *See generally Vargas-Banuelos* v. *INS*, 466 F.2d 1371 (C.A. 5, 1972) and *Palatian* v. *INS*, Civil No. 73–197 (C.D. Cal. April 18, 1973). Both cases involve the formation of a criminal intent subsequent to departing from the United States. In the present case, the respondent left the country with the intention of violating the immigration law; therefore, this case is readily distinguishable from *Vargas-Banuelos* and *Palatian*.

[6] *See generally Matter of Janati-Ataie*, Interim Decision No. 2170 (A.G. 1972) and *Matter of Nakoi*, Interim Decision No. 2168 (BIA, 1972).

Consequently, deportability has been established by clear, unequivocal and convincing evidence.

On appeal, the respondent applied for termination of proceedings under section 241(f) on the ground that he was married to a lawful permanent resident. Since the respondent did not procure his visa or other documentation by fraud or misrepresentation, it is evident that the respondent is not entitled to the benefits of section 241(f) of the Act.

**ORDER:** The appeal is dismissed.