## MATTER OF FRANCOIS

### In DEPORTATION Proceedings

### A-12193870

*Decided by Board January 17, 1963*

Since the existence of good moral character for a reasonable period of time is a factor which must be considered in determining whether an application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, merits the favorable exercise of discretion, adjustment is denied to an alien who was convicted as recently as November 1961 of a crime involving moral turpitude, has had several additional brushes with the law, is at liberty only upon the restraint exercised by the terms of his probation, has been married but a short time, and has not yet fully solved his problem areas.

CHARGE:

ORDER: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Crime committed within five years after entry, to wit: transporting stolen auto.

The case comes forward pursuant to certification by the special inquiry officer of his order dated July 13, 1962 granting the respondent's application for a waiver under section 212(g) of the Immigration and Nationality Act of the ground of inadmissibility under section 212(a)(9) of the Act, resulting from his conviction on November 1, 1961 of the offense of unlawfully, wilfully and knowingly transporting a stolen motor vehicle in interstate commerce, knowing the same to have been stolen; and further ordering that the respondent's application for adjustment of status pursuant to section 245 of the Act to that of an alien lawfully admitted for permanent residence be granted.

The record relates to a native and citizen of Belgium, 20 years old, male, married, who last entered the United States at the port of New York on October 15, 1960 and was admitted for permanent residence. He was previously in the United States from 1957 to 1960 in a diplomatic status as the member of a family attached to the Belgian Embassy. The respondent was convicted in the United States District Court for the Southern District of New York on November 1, 1961 upon his plea of guilty of the offense of unlawfully, wilfully and

knowingly transporting a stolen vehicle in interstate commerce, knowing the same to have been stolen in violation of Title 18, sections 2312 and 2, U.S.C. and was sentenced to one year and one day, execution of sentence suspended and defendant placed on probation for two years, subject to the standing probation order of the court. The term "stolen" as used in 18 U.S.C. 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership.[1] The crime involves moral turpitude. The respondent is subject to deportation as charged in the order to show cause.

Respondent has applied for adjustment of status pursuant to the provisions of section 245 of the Immigration and Nationality Act in conjunction with a waiver under 212(g) of the ground of inadmissibility arising under section 212(a) (9) as a result of his conviction as set forth above. Section 245(a) of the Immigration and Nationality Act as amended by section 10 of the Act of July 14, 1960 (74 Stat. 504, 8 U.S.C. 1255(a), 1961 C.A.P.P.) provides that the status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved.

The respondent has no arrest record in Belgium. His arrest record in the United States, other than a conviction which forms the ground of his deportability, is not entirely clear from the record. In his application for adjustment of status pursuant to section 245 (Form I-485) executed April 5, 1962, the respondent sets forth disorderly conduct, Washington, D.C., 1960, two arrests, disposition uncertain. He indicates an arrest in Washington about a month after his conviction for disorderly conduct as a result of which he forfeited $10 collateral, an earlier disorderly conduct arrest when he was about 18, from which his father obtained his release.

A report of the probation officer for the United States District Court for the District of Columbia, dated April 6, 1962, discloses that the respondent's prior arrest record up until the date he was placed on probation included three traffic violations, the subject forfeiting collateral each time, and one arrest for disorderly conduct, which was dismissed. Since being placed on probation the respondent has been given another ticket for a traffic violation for driving a motorcycle

---

[1] *United States* v. *Turley*, 352 U.S. 407 (1957).

without a driver's permit and upon this charge he forfeited a small collateral. The report makes reference to a skirmish which took place in the respondent's neighborhood several weeks ago which was disposed of with no further action taken. The probation report indicates that the respondent is now. enrolled in a weekly group therapy program, is anxious to solve some of his problem areas, and in view of the fact that respondent is now working regularly, has remained out of any serious difficulty with local authorities in recent months, has just gotten married and is fully cooperating, it is the recommendation of the probation officer, as well as that of the Federal Court in New York City, that he be permitted to remain in this country.

The granting of adjustment of status pursuant to section 245 of the Immigration and Nationality Act is not automatic upon a showing of compliance with the three requisites thereof: (1) the alien makes an application for such adjustment; (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available to him at the time his application is approved. Section 245 provides that the status of an alien "may be adjusted by the Attorney General, in his discretion." The waiver under section 212(g), by regulation, 8 CFR 245.1, can only be granted in conjunction with the application for adjustment of status under section 245 or section 249.[2] An applicant for adjustment of status under section 245, as amended, is not required by the law or implementing regulations to establish good moral character and the provisions of section 101(f) of the Act, setting forth eight classes of persons who shall not be regarded as persons of good moral character, are not literally applicable.

However, it cannot be denied that good moral character is a factor which must be considered in determining whether the Attorney General's discretion should be exercised in a particular case. The standards set forth in section 101(f), as well as other reasons or factors, may be considered in determining whether an application for the exercise of discretion merits favorable action.[3] Section 245, like section 249, does not specify the period for which good moral character is required. Nevertheless, good moral character to warrant the exercise of descretion must exist for a reasonable period of time in considering whether the exercise of favorable discretion is warranted.[4]

In the present case the respondent's crime, which involves moral turpitude, was committed on or about September 20, 1961 and on

[2] Cf. *Cammarata* v. *Sahli*, 163 F. Supp. 125 (E.D. Mich., S.D. 1958).

[3] *Matter of S—*, 8 I. & N. Dec. 234.

[4] Cf. *Matter of P—*, 8 I. & N. Dec. 167; *Matter of W—*, Int. Dec. 1088; *Scozzari* v. *Rosenberg*, 302 F. 2d 593 (9th Cir. 1962), cert. den. 369 U.S. 886; *Braun-Vega* v. *Esperdy*, 62 Civ. 2487, S.D. N.Y. (11/9/62).

November 1, 1961, upon conviction upon his plea of guilty, his sentence to one year and one day was suspended and he was placed on probation for a period of two years. He is presently on probation to extend to November 1, 1963. He has been married only since April 2, 1962, a period of approximately nine months. He has had several additional minor brushes with the law.

In view of the comparative recency of the respondent's crime, the fact that he is at liberty only upon the restraint excercised by the terms of his probation, the fact that he has been married but a short time, and the evidence indicating that the respondent has not yet fully solved his problem areas, it is believed that the favorable exercise of the Attorney General's discretion is not warranted.

Accordingly, we need not consider whether the respondent's status is susceptible of adjustment under section 245 of the Immigration and Nationality Act. In view of this disposition of the case the Service motion dated November 21, 1962, which is concerned with discretionary relief, will be denied.

ORDER: It is ordered that the application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act be denied.

*It is further ordered* the Service motion to remand dated November 21, 1962, be denied.

*It is further ordered* that the alien be deported to Belgium on the charge stated in the order to show cause.