**Stavros C. THOMAIDIS and Helena Thomaidis, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 24208.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1970.

Joseph S. Hertogs (argued), Jackson & Hertogs, San Francisco, Cal., for petitioners.

David R. Urdan (argued), Asst. U. S. Atty., James L. Browning, U. S. Atty., Stephen M. Suffin, Atty., I.N.S., San Francisco, Cal., John Mitchell, Atty. Gen., Washington, D. C., for respondent.

Before CHAMBERS and KOELSCH, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

The Board of Immigration Appeals denied Helena Thomaidis discretionary relief under Section 245 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1255. Petitioner and her husband are both citizens of Greece. They entered the United States as non-immigrant visitors in 1963. They were made the subjects of deportation proceedings. They left in August 1964 and reentered in November 1964 again with non-immigrant visitors' visas. The purpose of their return was to have a private bill introduced to enable them to become permanent residents.

Petitioner and her husband stayed in the United States longer than permitted as visitors. They were ordered deported to Argentina but were not permitted to enter there. The case was remanded to the Special Inquiry Officer who held a hearing on petitioner's application for adjustment of status to that of perma-

---

* The Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

nent resident as well as to designate a country other than Argentina to which both parties should be deported.

The Special Inquiry Officer denied petitioner's application for status as a permanent resident and granted voluntary departure. If petitioner and her husband failed to depart voluntarily he ordered their deportation to Greece. The appeal was denied by the Board March 28, 1969. This review followed.

 The petitioner was eligible for relief under 8 U.S.C. § 1255 but that does not mean she would automatically be accorded adjustment of status. The Attorney General must exercise discretion and it is only in cases of abuse that his decision will be overturned. Chen v. Foley, 385 F.2d 929, 934 (6 Cir. 1967). The burden is upon the alien to establish that the application merits favorable consideration. Santos v. Immigration & Naturalization Service, 375 F.2d 262, 264 (9 Cir. 1967). Nothing in Matter of Arai, Int. Dec. 2027 alters the view that relief is discretionary. We find no abuse of discretion here.

Affirmed.