MATTER OF LEUNG

In Section 245 Proceedings

A-20078143

*Decided by District Director September 8, 1976*

(1) Applicant entered the United States as a nonimmigrant visitor for pleasure on September 7, 1970, and was authorized to remain until May 3, 1971, but did not depart. In August 1971 he accepted employment as a Chinese specialty cook, and obtained a labor certification pursuant to section 212(a)(14) of the Immigration and Nationality Act based on experience gained in that employment. Subsequently, a *sixth-preference* visa petition was approved in his behalf pursuant to section 203(a)(6) of the Act. On October 12, 1973 the instant section 245 application was filed.

(2) Under 8 C.F.R. 214.1(c), an alien temporary visitor for pleasure as defined in section 101(a)(15)(B) of the Act may not accept any employment. Applicant was thus in violation of United States immigration laws and the total work experience upon which the labor certification and adjustment application were based was obtained while applicant was in the United States unlawfully.

(3) Even though the applicant is statutorily eligible, the grant of an application for adjustment of *status* is a matter of discretion and administrative grace, and the applicant has the burden to show that discretion should be exercised in his behalf. See *Matter of Arai*, 13 I. & N. Dec. 494; *Matter of Ortiz-Prieto*, 11 I. & N. Dec. 317. In the absence of unusual or outstanding equities, an application for adjustment of *status under section* 245 of the Act which is supported by a labor certification predicated upon employment experience gained while applicant was in the United States unlawfully will be denied as a matter of discretion.

ON BEHALF OF APPLICANT:   Austin T. Fragomen, Esquire
                          *515 Madison Avenue*
                          New York, New York 10022

The applicant, a 47-year-old married, native and citizen of China, was admitted to the United States as a nonimmigrant visitor for pleasure on September 7, 1970, with extensions of stay authorized through May 3, 1971. His wife, a native and citizen of China, resides with their three alien children in Hong Kong, B.C.C. He has remained in the United States since May 3, 1971, without authorization by this Service and accepted employment during August 1971 at the Dynasty Restaurant in Rego Park, New York, as a Chinese food cook. The Dynasty Restaurant was sold in April 1972 and its name was changed to Moon Lee Restaurant. The applicant worked at that restaurant until April 1973. Since that

late he has been employed as a Chinese specialty cook by the Chi-Lin ʾood, Inc.

On December 11, 1972, a visa petition for sixth-preference immigrant ʿlassification as a "Chinese Specialty Cook" was submitted in the appliʿant's behalf by Moon Lee, Inc. The petition was supported by a labor ʿertification issued pursuant to the provisions of section 212(a)(14) of the ʿmmigration and Nationality Act. The petitioner stated on the applicaʿion for alien employment certification (Form MA 7-50B) that three ʿears of experience was the minimum requirement for a worker to ʿerform satisfactorily the duties the position offered. The petition was ʿlso supported by a Form MA 7-50A executed by the applicant reflectʿng employment as a Chinese cook from January 1, 1961, until December 963 in the Sun Sang Tea House in Hong Kong, B.C.C.; from December 970 until April 1972 at the Dynasty Restaurant in Rego Park, New ʿork; and from April 1972 until August 16, 1972, by the Moon Lee, Inc., ʿn Rego Park. As evidence in support of the petition, the petitioner ʿubmitted a "Statutory Declaration" dated August 30, 1972, executed ʿy Law, Chi, the owner of the Sun Sang Tea House, stating that the ʿpplicant had been employed from January 1, 1961, to December 30, 963, at that restaurant.

On December 26, 1972, the Officer in Charge in Hong Kong, B.C.C., ʿas requested to conduct an investigation to verify the applicant's ʿlaimed employment at the Sun Sang Tea House. On April 2, 1973, the ʿfficer in Charge submitted his report indicating that the applicant had ʿever been employed at the Sun Sang Tea House as a Chinese specialty ʿook and furnished an affidavit dated March 15, 1973, made by Law, Chi ʿtating that the statutory declaration executed by him on August 30, 972, in behalf of the applicant was fraudulent. The visa petition was ʿenied on June 12, 1973, after the petitioner had been afforded an ʿpportunity to review the record and submit evidence in support of the ʿetition or in opposition to the adverse information furnished by the ʿfficer in Charge in Hong Kong. An appeal to the Regional Commisʿioner from the District Director's decision denying the petition was ʿled on June 27, 1973, alleging that the owner of the Sun Sang Tea ʿouse was coerced into signing a statement which was untrue; howʿver, the appeal was subsequently withdrawn by the petitioner's attorʿey.

On October 12, 1973, a visa petition was filed in the applicant's behalf ʿy Chin-Lin, Inc., seeking to accord the applicant sixth-preference immiʿrant classification. Such visa petition was supported by a labor certifiʿation issued on the basis of a job offer on Form MA 7-50B reflecting the ʿinimum requirement for the position of Chinese food cook was at least ʿne year of experience. A statement of qualifications on Form MA ʿ-50A was executed by the applicant on May 8, 1973. It was submitted

13

in support of the application for the labor certification and filed with the visa petition and listed only the experience gained by the applicant while he had been unlawfully in the United States. The visa petition was approved on January 22, 1976.

An application on Form I-485 was filed by the applicant on October 12, 1973. He is seeking adjustment of his status to that of a lawful permanent resident under the provisions of section 245 of the Act. Section 245 states: "The status of an alien other than an alien crewman who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, *in his discretion and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) the immigrant visa is immediately available to him at the time his application is approved." (Emphasis supplied).

Even though the applicant has established that he is statutorily eligible for the benefits sought, he also bears the burden to establish that discretion should be executed in his behalf. *Matter of Arai*, 13 I. & N. Dec. 494, (1970). The applicable statute does not contemplate that all aliens who meet the required legal standards will be granted adjustment of status to that of a permanent resident since the grant of an application for adjustment of status is a matter of discretion and of administrative grace, not mere eligibility. *Matter of Ortiz-Prieto*, 11 I. & N. Dec. 317, (1965).

The applicant was issued a labor certification as required by section 212(a)(14) and accorded sixth-preference immigrant classification on the basis of his experience as a specialty cook which he acquired in the United States after admission as a nonimmigrant in a class defined under 101(a)(15)(B) of the Act as a temporary visitor for pleasure. Such an alien may not engage in any employment in the United States. 8 CFR 214.1(c). The applicant has been employed in the United States since August 1971. Such employment is illegal. *Wei v. Robinson*, 246 F.2d 739 (C.A. 7, 1957), cert. den. 355 U.S. 879 (1957); *Matter of S*, 8 I. & N. Dec. 574 (1960); *Matter of Wong*, 11 I. & N. Dec. 704 (1966); *Matter of Martinez and Londono*, 13 I. & N. Dec. 488 (1970); S. Rep. 1137, 82nd Cong., 2d Sess. (1952).

The applicant claimed on May 20, 1976, in an affidavit executed before an immigration examiner in conjunction with the instant application that he worked part-time as a Chinese cook from January 1961 until December 1963 at the Sun Sang Tea House in Hong Kong. Such employment was not, however, listed by the petitioner or the applicant when the labor certification was obtained or when the visa petition was filed. After carefully considering the entire record in this case, it is

determined that the applicant's testimony concerning such employment is not credible. In any event, the instant application is not predicated upon such employment.

Section 212(a) of the Immigration and Nationality Act lists the classes of aliens who shall be ineligible to receive visas and shall be excluded from admission into the United States. Section 212(a)(14) provides for the exclusion of aliens "seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed . . ." This section was incorporated into the Act by the Act of October 3, 1965, 79 Stat. 911, to safeguard the livelihood of workers lawfully present in the United States. H. Rep. 745, 89th Congress, 1st Sess. (1965).

The applicant has been in violation of the immigration laws of the United States since August 1971. His disobedience of our laws commenced one year after he arrived in this country as a visitor for pleasure. The total work experience upon which his application is based was acquired while he was illegally in the United States—in violation of his status as a visitor for pleasure and thus not permitted to be employed. In the absence of unusual or outstanding equities, an alien will not as a matter of administrative discretion be accorded permanent resident status on the basis of a labor certification issued under section 212(a)(14) of the Immigration and Nationality Act, where the labor certification is predicated upon employment while unlawfully in the United States.

IT IS ORDERED that the application for status as a lawful permanent resident be and the same is hereby denied.