MATTER OF MARQUES

In Deportation Proceedings

A-17241244

*Decided by Board August 18, 1977*

(1) An applicant for adjustment of status under section 245 of the Immigration and Nationality Act who meets the objective prerequisites is merely *eligible* for adjustment of status. He is in no way *entitled* to adjustment. When an alien seeks favorable exercise of the discretion of the Attorney General, it is incumbent upon him to supply the information that is within his knowledge and relevant and material to a determination of whether he merits adjustment.

(2) In this case, respondent was arrested on July 15, 1972 with $54,000 cash in his car and $32,000 in bank books. He invoked the Fifth Amendment privilege when questioned about the source of the money by the immigration judge adjudicating his section 245 application.

(3) Respondent had every right to assert his fifth amendment privilege. He also had a requirement as an applicant for section 245 discretionary relief to provide information relevant to the exercise of the Attorney General's discretion. The source of this money was such a relevant factor. In refusing to disclose it, the respondent prevented the immigration judge from reaching a conclusion as to respondent's entitlement to section 245 relief. Under these circumstances, respondent has failed to sustain the burden of establishing that he is entitled to the privilege of adjustment of status, and his application was properly denied.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of nonimmigrant status

ON BEHALF OF RESPONDENT:
Ruth G. Finn, Esquire
51 West Weldon
Phoenix, Arizona 85013

ON BEHALF OF SERVICE:
B. J. Rumaker
Trial Attorney

BY: Milhollan, Chairman; Wilson, Appleman, and Maguire, Board Members

This is an appeal from an order of an immigration judge, dated December 3, 1976, denying the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act in the exercise of discretion. The appeal will be dismissed.

The record relates to a single male alien, a native and citizen of Spain,

43 years of age, who last entered the United States on July 23, 1964, as a nonimmigrant sheepherder. He was found deportable because of his failure to comply with the conditions of his nonimmigrant status. Thereafter, on March 11, 1975, we dismissed his appeal from denial of his application for suspension of deportation. Then, on January 24, 1975, the respondent's United States citizen brother filed an I-130 petition seeking fifth preference for his brother. The petition was approved. The respondent next moved to reopen the proceedings to permit him to apply for relief under the provisions of section 245 of the Act. In our order we made the following observation:

> ... in applying for adjustment of status (just as in applying for suspension of deportation) the respondent must bear the burden to establish eligibility and it will be incumbent upon him to supply whatever evidence is necessary for proper adjudication of his application.

The record discloses that the respondent was arrested on July 15, 1972, when he had $54,000 in the trunk of the automobile that he was driving (mostly in bills of $100 and $50 denominations) and had bank books for accounts totaling more than $32,000.

In his decision, the immigration judge noted that the respondent invoked the privilege against self-incrimination when asked to state the source of ownership of the $54,000 he had in his possession on July 15, 1972, or the ownership of approximately $32,000 that was related to the bank books in his possession, thus cutting off an important line of inquiry required for a proper exercise of his discretion.

Counsel on appeal contends (1) that the immigration judge abused his discretion in denying the section 245 application because the respondent invoked his constitutional right against self-incrimination, and thus cut off the line of the immigration judge's inquiry whether he merited the privilege of adjustment of status; and (2) that the immigration judge's determination that the respondent's reliance on his constitutional right against self-incrimination is an adverse factor and was erroneous and contrary to modern constitutional law which forbids any "penalty" for invoking the Fifth Amendment. Counsel contends that the respondent is entitled to adjustment of status under section 245 of the Act.

We have reviewed the record *de novo* and considered counsel's contentions on appeal. We have decided that adjustment of status is not warranted in the exercise of discretion.

Section 245 of the Act reposes with the Attorney General and his delegates the *discretionary* power to grant an adjustment of status. *Thomaidis* v. *INS*, 431 F.2d 711 (9 Cir. 1970), cert. denied 401 U.S. 954 (1971); *Matter of Arai*, 13 I. & N. Dec. 494 (BIA 1970). Adjustment of status is, therefore, a matter of administrative grace, not mere statutory eligibility. *Hintopoulos* v. *Shaughnessy*, 353 U.S. 72 (1957); *Ameeriar* v. *INS*, 438 F.2d 1028 (3 Cir. 1971). Thus, an applicant who meets

the objective prerequisites is merely *eligible* for adjustment of status; he is in no way *entitled* to such relief. *Jarecha* v. *INS*, 417 F.2d 220 (5 Cir. 1969); *Chen* v. *Foley*, 385 F.2d 929 (6 Cir. 1967), cert. denied 393 U.S. 838 (1968). The burden of proof is squarely upon the respondent to establish not only that he meets all statutory requirements for eligibility but also that he is worthy of the exercise of discretion in his favor. 8 C.F.R. 242.17(d); *Ameeriar, supra,* at 1030; *Thomaidis, supra,* at 712; *Chen, supra,* at 934. See, *Jarecha, supra,* at 223. Since the adjustment of status of an alien is an extraordinary relief, it should be granted only in meritorious cases. *Ameeriar, supra,* at 1032; *Chen, supra,* at 934.

We have consistently taken the position that when an alien seeks the favorable exercise of the Attorney General's discretion, it is incumbent upon him to supply such information that is within his knowledge and is relevant and material to a determination of whether he merits the relief. *Matter of Mariani*, 11 I. & N. Dec. 210 (BIA 1965); *Matter of De Lucia*, 11 I. & N. Dec. 565 (BIA 1966); *Matter of Francois*, 10 I. & N. Dec. 168 (BIA 1963); *Matter of Pires Da Silva*, 10 I. & N. Dec. 191 (BIA 1963).

This position has been judicially upheld; *De Lucia* v. *INS*, 370 F.2d 305 (7 Cir. 1966); *Kimm* v. *Rosenberg*, 363 U.S. 405 (1960); *United States* v. *Anastasio*, 120 F. Supp. 435 (D. N.J. 1954), reversed on other grounds 226 F.2d 912, cert. denied 351 U.S. 931.

There is, as counsel argues, no proof of illegality or immorality with respect to the "unexplained large sum of money" which was found in the respondent's possession at the time of his arrest for a traffic violation. Good moral character is not a statutory requirement for relief under section 245, as is the case, for example, with suspension of deportation (244). Nevertheless, an explanation of how one in the respondent's circumstances acquired such a large sum of money is obviously relevant to the exercise of the Attorney General's discretion. Lacking this information, the immigration judge was thereby prevented from reaching a conclusion about the respondent's entitlement to the discretionary relief he seeks. The respondent had every right to assert his claim under the Fifth Amendment. However, in so doing he runs the risk that he may fail to carry his burden of persuasion with respect to his application for discretionary relief. In these circumstances, the respondent failed to sustain the burden of establishing that he is entitled to the privilege of adjustment of status. In *Jimenez* v. *Barber*, 252 F.2d 550 (9 Cir. 1958), the court stated, at p. 554 as follows:

> ... the refusal to answer questions was in a proceeding in which the applicant sought nothing to which was entitled as a matter of right. He asked only for an act of grace, dependent upon an official exercise of sound discretion. The hazards in adopting an obstructive attitude in such proceedings must be at least as great as those involved in cases where established rights are sought to be enforced or protected.

Counsel cites *Spevack* v. *Klein*, 385 U.S. 511 (1967), for the proposi-

tion that an attorney at a bar disciplinary hearing had a full right to invoke the Fifth Amendment without the imposition of a "penalty," which makes that right costly. We do not perceive the analogy of any penalty in this factual situation. The respondent here had no right to an adjustment of his status, a purely discretionary matter. We adhere to the reasoning in *Kimm* v. *Rosenberg, supra.* He had a right to file an application and to have it fairly considered on the evidence laid before the immigration judge and this Board. This we have done and find a serious gap leaving a question in our minds as to his suitability for the Attorney General's largesse. That doubt we will not resolve against the government as, in effect, he asks us to do. See *Jay* v. *Boyd*, 351 U.S. 345, 354 (1956); *U.S. ex rel. Kaloudis* v. *Shaughnessy*, 180 F.2d 489 (2 Cir. 1950). Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.