## MATTER OF WANG

### In Deportation Proceedings

### A-21317106

*Decided by Board April 2, 1979*

(1) In renewing an application for adjustment of status in deportation proceedings, pursuant to 8 C.F.R. 245.2(a)(4), a respondent has satisfied the visa availability requirement of section 245 of the Act where as here, a visa was available to him when he originally filed his application with the District Director. *Matter of Huang*, Interim Decision 2616 (BIA 1978).

(2) It was correct to apply the investor standards developed in *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974), to an investment made in May 1975, to insure that aliens would not displace qualified American workers, in accordance with *Mehta v. INS*, 574 F.2d 701 (2 Cir. 1978).

(3) It was appropriate to apply the investor standards developed in *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974), to a case involving an investment made in May, 1975, because the investment was made 16 months after *Heitland*, *id.* was decided and the notice problem cited in *Ruangswang v. INS*, No. 77-2375 (9 Cir. November 2, 1978) was not present.

(4) An alien who invests in an import-export trading company and a small grocery store is not exempt from the labor certification requirement of section 212(a)(14) of the Act and is not an investor under 8 C.F.R. 212.8(b)(4) where he has one part-time employee, and performs virtually all of the labor, skilled and unskilled, necessary to the operation of the business, and consequently does not meet the standards set forth in *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974).

(5) The opening of an oriental foodstuffs and objets d'art import-export business does not exempt an alien from the labor certification requirements of section 212(a)(14) of the Act, as it places the alien in direct competition with American businessmen engaged in the same activity.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer than authorized

ON BEHALF OF RESPONDENT: William J. Lawler, Esquire
Lawler & Lawler
115 Sansome Street
Suite 1111
San Francisco, California 94104

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from a September 27, 1977, decision in which the immigration judge found him deportable as charged, denied his

application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, but granted him the privilege of voluntary departure in lieu of deportation. The appeal will be dismissed.

The respondent is a 31-year-old, single native and citizen of China who entered the United States on August 30, 1973, as a nonimmigrant student. At his deportation hearing, the respondent conceded deportability as an "overstay". The only issue raised on appeal concerns his application for adjustment of status.

The respondent seeks adjustment of status as a nonpreference immigrant claiming exemption from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), as an investor within the contemplation of 8 C.F.R. 212.8(b)(4).[1] The immigration judge found that the respondent did not qualify as an investor under the regulations, that he had not established visa availability as required by the statute, and that his case did not merit a favorable exercise of discretion. In view of our conclusions on the issues involving statutory eligibility, we will not discuss the discretionary finding.

The immigration judge's holding on visa availability must be reversed on the basis of our April, 1978 decision in *Matter of Huang*, Interim Decision 2616 (BIA 1978). Upon reconsideration, we held that in renewing an application for adjustment of status in deportation proceedings, pursuant to 8 C.F.R. 245.2(a)(4), a respondent has satisfied the visa availability requirement of section 245 if a visa was available to him when he originally filed his application with the District Director. A visa was available in May, 1975 when the respondent filed his application with the District Director. Hence, the visa availability requirement has been satisfied. A fundamental deficiency in the application remains, however.

---

[1] 8 C.F.R. 212.8(b)(4) was amended effective October 7, 1976. The amendment was accompanied by a statement that Forms I-526 (Request for Determination that Prospective Immigrant is an Investor) properly filed before October 7, 1976, are to be processed in accordance with the regulation as it existed prior to the amendment. Since the respondent applied for investor status before October 7, 1976, the old regulation governs this case. It stated:

> The following persons are not considered to be within the purview of section 212 (a)(14) of the Act and do not require a labor certification; . . . . (4) an alien who establishes on Form I-526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested, or is actively in the process of investing, capital totaling at least $10,000, and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise.

The amended regulation requires that the investment amount to at least $40,000. It also adds the requirement that the enterprise employ a person or persons who are United States citizens or lawful permanent residents exclusive of the alien, his spouse, and children.

The respondent invested $12,000 given to him by his father in an import-export trading company. A small Chinese grocery store was later added. A series of unaudited financial statements have been submitted since 1975 to prove that the volume of business is steadily growing. The last of the statements, submitted in June, 1976, reflects a net profit for a two-month period of $3,400. Aside from the help of a part-time employee, however, the respondent operates the business single-handedly.

The immigration judge concluded that the respondent did not qualify as an investor inasmuch as his enterprise was in the nature of a small, one-man retail operation which created no jobs for anyone other than himself. Counsel insists that in so holding the immigration judge erroneously applied requirements which were formulated in connection with an earlier version of the investor regulation. See *Matter of Heitland*, 14 I. & N. Dec. 563 (BIA 1974), aff'd, 551 F.2d 495 (2 Cir. 1977), cert. denied 434 U.S. 819 (1977).[2] Alternatively, counsel argues that even if the requirements set out in *Heitland, supra,* are applicable to applications governed by 8 C.F.R. 212.8(b)(4), the respondent would not be affected inasmuch as he is not competing with the American labor force in his endeavor to "expand trade, a very complicated, individualized profession". (Respondent's Brief at 10.) He adds, moreover, that the respondent has not taken an American worker's job but rather has created a specialized position which an American worker is not competent to fill.

Counsel's contention that the requirements set out in *Heitland, supra,* are not applicable to the respondent's case is incorrect. In *Matter of Ruangswang,* Interim Decision 2546 (BIA 1976), we analyzed the Service's new investor regulation, 8 C.F.R. 212.8(b)(4), in terms of Congressional policies underlying the enactment of the labor certification requirement of section 212(a)(14). In light of the manifest purpose of section 212(a)(14), we concluded that the following "test", developed in *Matter of Heitland, supra,* under the earlier investor regulation, was equally applicable to the amended version which governs the respondent's application.

The investment either must tend to expand job opportunities and thus offset any adverse impact which the alien's employment may have on the market for jobs, or must

---

[2] In an interrelated argument, counsel also insists, in essence, that the immigration judge applied retroactively the requirements set out in the present version of 8 C.F.R. 212.8(b)(4), effective October 7, 1976. He nowhere amplifies this contention nor can we find any suggestion that the immigration judge invoked requirements which had not already been held applicable to investor cases under the regulations in effect at the time the respondent's application was submitted. The fact that aspects of the requirements under the superseded regulations were incorporated into the present version does not support counsel's retroactive application theory.

be of an amount adequate to insure, with sufficient certainty, that the alien's primary function with respect to the investment and with respect to the economy will not be as a skilled or unskilled laborer.[3]

The Board's formulation and application of the *Heitland/Ruangswang* doctrine was approved by the Second Circuit in *Mehta v. INS*, 574 F.2d 701 (2 Cir. 1978).[4] In discussing the appropriateness of applying the *Heitland* test to the amended version of the regulations, the court remarked:

Indeed, it was sensible for the Board to consistently protect the American labor market by construing the later, more stringent regulation as it had the earlier one. The Board's approach to the essence of the investor exemption under both regulations carried out the legislative purpose in section 212(a)(14) of excluding immigrants whose putative one-man operations "would likely displace a qualified American worker". *(Mehta* at 706).

Counsel's second contention that the respondent is not in competition with the American labor market is unpersuasive. The opening up of the respondent's import-export business necessarily heightened the competition among American businessmen engaged in the same activity. The inference in counsel's brief that the importation of oriental foodstuffs and objets d'art can only be successfully carried on by natives of the countries from which the items come is unconvincing. We are confident that Americans of every ethnic extraction participate in the volume of international trade which presently exists between the United States and countries of the Far East.

Finally the fact that the respondent has started his own business rather than bought out an existing one is not dispositive. Compare *Matter of Konishi*, Interim Decision 2658 (BIA 1978). Language in earlier cases which suggested that an investor's employment in his own business was not the job competition which Congress wished to protect against was expressly limited in *Ruangswang* to those situations in which the investor is not performing labor of a skilled or unskilled nature which might be performed by an American worker or else in which the investment had a tendency to expand job opportunities. *Ruangswang* at 6.

---

[3] In applying these standards to the respondent's case, we have considered the recent decision handed down by the Ninth Circuit in *Ruangswang v. INS*, No. 77-2375 (9 Cir. November 2, 1978). We have concluded that it is not applicable to the present case as the investment here was made in May 1975, 16 months after *Heitland* was decided, thus foreclosing any problem with lack of notice which the court found to exist in the *Ruangswang* situation.

[4] The facts in *Mehta* are very similar to the instant case in that the alien attempted to qualify as an investor by purchasing an oriental spice and handicraft store. In affirming our decision, the court noted with approval the immigration judge's conclusion that even if Mr. Mehta had demonstrated the necessary $10,000 investment, he would still not be entitled to the exemption because his marginal enterprise did not create new job opportunities for the existing labor force.

After careful consideration, we conclude, as did the immigration judge, that the respondent does not fit the concept of investor. He is engaged in the operation of a retail enterprise. He performs virtually all of the labor, skilled and unskilled, necessary to the management and direction of the business. What is characterized as profit is more accurately payment for his services. Thus, we hold that inasmuch as the respondent's investment is not adequate to insure that his primary function is not that of a skilled laborer, his exemption from the requirements of section 212(a)(14) cannot be approved.

ORDER: The appeal is dismissed.