## MATTER OF PATEL

### In Deportation Proceedings

### A–20549643

*Decided by Board December 11, 1980*

(1) In the Ninth Circuit, to establish an exemption from the labor certification requirement of section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(14), as an "investor" within the meaning of 8 C.F.R. 212.8(b)(4) prior to its amendment of October 7, 1976, it is not necessary for the alien to establish that his investment expands job opportunities in the United States or that it is of an amount adequate to insure that his primary function with respect to the investment will not be as a skilled or unskilled laborer. *Patel v. INS*, 638 F.2d 1199 (9 Cir. 1980) followed.

(2) The respondent established eligibility for an exemption from the labor certification requirement as an "investor" within the meaning of 8 C.F.R. 212.8(b)(4) by establishing that he had invested capital totaling at least $10,000 in a motel and that he had had at least 1 year's experience qualifying him to engage in such an enterprise.

(3) Notwithstanding eligibility for adjustment of status under section 245 of the Act, 8 U.S.C. 1255, the respondent's application for such relief was denied as a matter of discretion where he had worked without authorization during the 3-year period in which he was classified as a nonimmigrant student, knowing that his employment was unlawful, and on three separate occasions he had deliberately made false statements about that employment in applications for benefits under the Act.

CHARGE:

Order:   Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Student remained longer than permitted

ON BEHALF OF RESPONDENT:
Michael D. Ullman, Esquire
8484 Wilshire Boulevard
Suite 730
Beverly Hills, California 90211

ON BEHALF OF SERVICE:
Jane Gersbacher
Trial Attorney

BY:   Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated March 8, 1977, an immigration judge found the respondent deportable as charged, denied an application from the respondent for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, denied an application from the respondent for the privilege of voluntary departure in lieu of deporta-

tion, and ordered him deported to India. The respondent has appealed. The appeal will be dismissed in part and sustained in part.

The respondent is a 34-year-old native and citizen of India who was admitted to the United States on June 11, 1971, as a nonimmigrant student authorized to remain in the United States until June 11, 1972. He subsequently obtained extensions of his stay which authorized him to remain until June 11, 1975.

On July 8, 1974, the respondent filed an application for adjustment of status to that of a permanent resident under section 245 of the Act at the office of an Immigration and Naturalization Service District Director. To avoid the labor certification requirement that would otherwise have been applicable to him under section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), he claimed that he was entitled to an exemption from that requirement as an investor pursuant to 8 C.F.R. 212.8(b)(4). In support of the application, he submitted documents to show, *inter alia*, that he had invested $11,000 in a motel. The District Director denied the respondent's application in a decision dated May 22, 1975, on the ground that the respondent had only leased the motel and, therefore, he was not entitled to an exemption from the labor certification requirement as an investor. The respondent then purchased the motel on August 25, 1975, and filed a motion with the District Director for reconsideration of the application for permanent residence.

On February 12, 1976, the District Director issued an Order to Show Cause which alleges that the respondent is deportable under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), on the ground that he has remained in the United States beyond June 11, 1975, without permission.

On March 8, 1977, the respondent appeared before the immigration judge at a deportation hearing, and, with the assistance of an attorney, he admitted that he was deportable as charged in the Order to Show Cause. Accordingly, we are satisfied that the respondent's deportability has been established by evidence that is clear, convincing, and unequivocal.

The respondent also renewed his application for adjustment of status under section 245 of the Act to that of a permanent resident, claiming again that he was exempt from the labor certification requirement as an investor.

The provisions of 8 C.F.R. 212.8(b)(4) were amended, effective October 7, 1976, but we shall consider this case under the prior version of the regulation, the one which was in effect when the respondent first applied for classification as an investor. The applicable version of this regulation provides that:

598

The following persons are not considered to be within the purview of section 212(a)(14) of the Act and do not require a labor certification: . . . (4) an alien who establishes on Form I-526 that he is seeking to enter the United States for the purpose of engaging in a commercial or agricultural enterprise in which he has invested, or is actively in the process of investing, capital totaling at least $10,000, and who establishes that he has had at least 1 year's experience or training qualifying him to engage in such enterprise.

The respondent submitted documents at the deportation hearing which establish that he leased a motel on June 25, 1974, for a period of 3 years, with an option to purchase it, and that on August 25, 1975, he purchased the motel making a $12,000 cash down payment towards a purchase price of $49,300. The down payment included $11,000 that he had submitted as a deposit when he leased the motel.

With regard to his experience as a manager, the respondent testified that he had been an assistant manager at a hotel in India from the middle of 1969, until the end of 1970, and that he had managed his motel since June of 1974, when he acquired possession of it through the lease agreement.

The respondent testified further that he had not employed anyone at the motel until January of 1977, when he hired a part-time maid (Tr. 12, 40).

The Service trial attorney introduced two applications that the respondent had submitted to the Service, for extensions of his stay in the United States as a student, and a biographical form that he had submitted with his first application for permanent resident status on July 8, 1974. The respondent verified that his signature was on these documents and admitted that statements in them about his employment in the United States were false. The extension applications state in that regard that he had not worked in the United States, and the other document states that he had not worked in the United States until June of 1974, when he became the manager of his motel. The respondent explained that he had worked in the United States since August of 1971, and that he had denied that employment because it was illegal and he thought that his applications would not be granted if he revealed the truth (Tr. 29-31).

The immigration judge found that the respondent had invested capital totaling at least $10,000 in a motel business and that he had had at least 1 year's experience qualifying him to engage in such an enterprise. He found further, however, that the respondent's business was an owner-operated, one-person enterprise that did not tend to expand employment opportunities in this country, and that the respondent was probably displacing an American worker who might otherwise be managing the motel. The immigration judge concluded that the respondent had not established eligibility for investor classifi-

cation, citing this Board's decision in *Matter of Ruangswang*, 16 I&N Dec. 76 (BIA 1976). He also found that the respondent was not entitled to a favorable exercise of discretion in any event inasmuch as he had worked in violation of the Act from the beginning of his stay in the United States, he had filed applications for extensions of his stay stating falsely that he had not worked in the United States, and he had obtained extensions of his stay on the basis of these false statements. Accordingly, the immigration judge denied the respondent's application for adjustment of status. The immigration judge then denied the respondent's application for voluntary departure as a matter of discretion in view of these adverse factors.

On appeal, the respondent contends that he has satisfied all of the criteria set forth in 8 C.F.R. 212.8(b)(4), and, therefore, that he has established eligibility for investor classification. Secondly, he contends that the circumstances in his case warrant a favorable exercise of discretion on his application for adjustment of status or, in the alternative, on his application for voluntary departure in lieu of deportation.

Pursuant to section 245 of the Act, the status of a deportable alien may be adjusted to that of an alien lawfully admitted for permanent residence. To be eligible for such relief from deportation, however, the alien must be admissible to the United States for permanent residence. Section 245(a)(2). Since the respondent would have to enter as a nonpreference immigrant who intends to perform skilled or unskilled labor, he would be excludable under section 212(a)(14) of the Act unless he were to establish an exemption from those requirements as an investor pursuant to 8 C.F.R. 212.8(b)(4). Consequently, his application for adjustment of status must be denied if he has not established eligibility for classification as an investor under 8 C.F.R. 212.8(b)(4).

In interpreting a version of 8 C.F.R. 212.8(b)(4) that preceded the version quoted above, we held in *Matter of Heitland*, 14 I&N Dec. 563 (BIA 1974), that in addition to satisfying the requirements specifically set forth in the regulation, an alien had to show also that his investment tended to expand job opportunities in the United States, or that it was of a nature which insured that his primary function with respect to the investment would not be as a skilled or unskilled laborer. Then, in *Matter of Ruangswang, supra*, we held that those additional requirements also applied to aliens seeking investor classification under the version before us in this case. Our decision in *Matter of Ruangswang* was reversed by the Ninth Circuit in *Ruangswang v. INS*, 591 F.2d 39 (9 Cir. 1978). The Ninth Circuit's reversal, however, was based on lack of notice. The Court held that because the Ruangswangs had made their investment prior to the *Heitland* decision, *supra*, they had not had proper notice of the *Heitland* requirements, and the requirements,

600

therefore, should not have been applied to them. Subsequently, in *Matter of Wang*, 16 I&N Dec. 711 (BIA 1979), another case arising in the Ninth Circuit, we distinguished the Ninth Circuit's *Ruangswang* opinion holding that an alien who had made an investment more than a year after *Heitland* was decided had had adequate notice of its requirements and had to comply with them. However, the Ninth Circuit has recently rendered another decision which holds that the *Heitland* requirements cannot be added to the terms of the regulation even where there has been ample notice. *Patel* v. *INS*, 638 F.2d 1199 (9 Cir. 1980).

Accordingly, since the present case arose in the Ninth Circuit, the *Heitland* requirements will not be applied in determining whether the respondent has established eligibility for classification as an investor. Consequently, on the basis of the immigration judge's finding that the respondent has satisfied the specific criteria set forth in 8 C.F.R. 212.8(b)(4), we conclude that the respondent is eligible for investor classification.

Nevertheless, although the immigration judge's basis for finding that the respondent was not eligible for adjustment of status has now been removed, it does not follow that his application must be granted. The grant of an application for adjustment of status under section 245 is a matter of administrative grace. An applicant has the burden of showing that discretion should be exercised in his favor. *Matter of Marques*, 16 I&N Dec. 314 (BIA 1977); *Matter of Leung*, 16 I&N Dec. 12 (BIA 1976); *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970); *Matter of Ortiz-Prieto*, 11 I&N Dec. 317 (BIA 1965). Moreover, where adverse factors are present, it may be necessary for the applicant to offset those factors by a showing of unusual of even outstanding equities. *Matter of Arai, supra.*

In this case, the respondent worked without authorization during the entire 3-year period in which he was classified as a nonimmigrant student, knowing that his employment was unlawful, and on three separate occasions he deliberately made false statements about that employment in applications for benefits under the Act. We find that the respondent has not presented any equities which are sufficient to warrant relief from deportation under section 245 of the Act in view of those adverse factors and conclude, therefore, that the immigration judge's denial of the respondent's application for adjustment of status as a matter of discretion was correct. Accordingly, the respondent's appeal will be dismissed to the extent that it relates to the immigration judge's denial of the adjustment application.

We find further, however, that the limited privilege of voluntary departure is warranted in the circumstances of this case. Consequently, to the extent that the respondent's appeal addresses the

immigration judge's denial of voluntary departure, it will be sustained.

Accordingly, the following order will be entered.

ORDER: The respondent's appeal from the immigration judge's denial of relief under section 245 of the Act is dismissed.

FURTHER ORDER: The respondent's appeal from the immigration judge's denial of voluntary departure is sustained.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.