Munera Gallego v. Holder

BIA
Verrillo, IJ
A072 419 098

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand thirteen.

PRESENT:

> JOSEPH M. McLAUGHLIN,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> *Circuit Judges.*

_____

OMAR ALBERTO MUNERA GALLEGO,
         *Petitioner,*

         v.                                        10-4675
                                                   NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:          Omar Alberto Munera Gallego, *Pro Se*, Orlando, Florida.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Colin J.

**Tucker, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Omar Alberto Munera Gallego, a native and citizen of Colombia, seeks review of an October 18, 2010, decision of the BIA affirming the May 10, 2010, decision of Immigration Judge ("IJ") Philip Verrillo, finding him removable and denying his motion to terminate proceedings, and terminating his asylee status. *In re Omar Alberto Munera Gallego*, No. A072 419 098 (B.I.A. Oct. 18, 2010), *aff'g* No. A072 419 098 (Immig. Ct. Hartford May 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Although we generally do not have jurisdiction to review a final order of removal against an alien who is removable by reason of having committed a crime involving a controlled substance, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review non-frivolous constitutional claims and questions of law — and review such questions *de novo*, *see id.* § 1252(a)(2)(D). Munera Gallego raises non-frivolous questions of law challenging the denial of his motion to terminate and the agency's determination that his arrest for trafficking cocaine supported a reasonable belief that he was engaged in drug trafficking under 8 U.S.C. § 1182(a)(23) and thus was removable. These arguments lack merit.

Distinct from other bases of inadmissibility and removability, § 1182(a)(23) does not require a conviction, but a "reasonable belief" that an alien is or was engaged in illicit trafficking of a controlled substance. The BIA has held that in making a finding a removability on this ground, the IJ must base that finding on "reasonable, substantial, and probative evidence." *Matter of Rico*, 16 I. & N. Dec. 181, 186 (B.I.A. 1977). While an uncorroborated police report that fails to provide factual observations may not

3

constitute substantial evidence, *see Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1343 (11th Cir. 2010); *In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995), and the only complete police report in the record here was not certified by the state court in which it was filed, the IJ relied on *both* the factual observations in the police reports and corroborating booking and evidence reports.  The documentation established the discovery of plastic bags filled with a white substance believed to be cocaine and a large amount of cash found on Munera Gallego's person and in hidden compartments in his car and belongings, and noted Munera Gallego's admission that he was in possession of drugs and that he provided the police with an alias.  As his admission, the large amount of currency, and the existence of hidden compartments tend to demonstrate both that the untested white substance was an illicit drug and that Munera Gallego was a drug dealer, *see United States v. Perez,* 144 F.3d 204, 208 (2d Cir. 1998); *United States v. Gonzalez*, 922 F.2d 1044, 1056 (2d Cir. 1991), the record contained substantial evidence demonstrating a reason to believe that Munera Gallego was engaged in illicit trafficking of cocaine, a controlled substance, *see* § 1182(a)(23); *cf.*

4

*Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1211 (9th Cir. 2004) (finding that there was substantial evidence meeting "reason to believe" standard based on reports of suspicious meetings, the alien's attempt to evade arrest, and the subsequent discovery of 147 pounds of marijuana inside the alien's car); *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1120 (9th Cir. 2000) (finding that evidence of alien's arrest while attempting to drive a car carrying 86 pounds of concealed marijuana constituted substantial evidence supporting a "reason to believe" the alien was engaged in illicit trafficking).

Munera Gallego also fails to raise a meritorious constitutional claim or question of law regarding the termination of his asylee status.  His arguments that the IJ erred in weighing the evidence merely dispute the IJ's factual findings.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  Although we may consider his argument that the IJ failed to consider the survival of certain paramilitary groups in Colombia, his argument is without merit because the agency expressly considered the Colombian government's failure to dismantle all paramilitary groups, but noted that its marked success and continued efforts to demobilize those groups supported a

5

finding that Munera Gallego no longer had a well-founded fear of persecution.

Furthermore, contrary to Munera Gallego's argument, the agency did not rely solely on his voluntary return to Colombia in finding that he no longer had an objective fear of persecution. Rather, in conjunction with the general decrease in paramilitary violence in Colombia, the agency considered Munera Gallego's testimony that: (1) his family had over a decade before abandoned the disputed farmland that rendered them targets of the guerillas; (2) he remained in Colombia for one month unharmed; and (3) his family had not been harmed since abandoning the disputed farmland. Accordingly, because the voluntary return was only one factor that the agency considered, Munera Gallego has not demonstrated any legal error in the agency's decision. *Cf. Kone v. Holder*, 596 F.3d 141, 150-51 (2d Cir. 2010) (citing *Tarraf v. Gonzales*, 495 F.3d 525, 534 (7th Cir. 2007) (finding that while return trips weigh against an alien's credible fear, there "well may be circumstances when a person who legitimately fears persecution nevertheless might elect to return temporarily to his home country")).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk