16-863
Latty v. Lynch

BIA
Straus, IJ
A087 555 925

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT:
>>> DENNIS JACOBS,
>>> SUSAN L. CARNEY,
>>>> <u>Circuit Judges</u>,
>>> KATHERINE POLK FAILLA,
>>>> <u>District Judge</u>.*

_____

GARY LATTY,

>> <u>Petitioner</u>,

>> v.                                    16-863


LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

>> <u>Respondent</u>.

_____

**FOR PETITIONER:**          EMILY A. WALSH, Spar & Bernstein P.C., New York, NY.

**FOR RESPONDENT:**          DAVID H. WETMORE; Benjamin C. Mizer,

---

* Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Ashley Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Gary Latty, a native and citizen of Jamaica, seeks review of a February 19, 2016, decision of the BIA, affirming a July 18, 2014, decision of an Immigration Judge ("IJ") denying Latty's application for cancellation of removal and ordering him removed to Jamaica. In re Gary Latty, No. A087 555 925 (B.I.A. Feb. 19, 2016), aff'g No. A087 555 925 (Immig. Ct. Hartford July 18, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the BIA and the IJ "for the sake of completeness." Wangchuck v. Dep't of Homeland Sec., 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established: we review the IJ's factual findings for substantial evidence and questions of law de novo. 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). We decline to consider Latty's unexhausted arguments concerning bias and ineffective assistance. Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 123-25 (2d Cir. 2007). We address below Latty's challenge to the agency's determination that he failed to establish that he "has been a person of good moral character" for the ten years preceding his application for cancellation of removal, as required by 8 U.S.C. § 1229b(b)(1)(B).

In order for an alien like Latty, who is not a lawful permanent resident, to demonstrate eligibility for cancellation of removal, he must establish, among other things, that he "has been a person of good moral character" for the ten years preceding his application. 8 U.S.C. § 1229b(b)(1)(B). "No person shall be regarded as, or found to be, a person of good moral character" if, as set forth in 8 U.S.C. § 1182(a)(2)(C), the "Attorney General knows or has reason to believe [that he] is or has been an illicit trafficker in any controlled substance." 8 U.S.C. § 1101(f)(3). Although our jurisdiction to review the denial of cancellation of removal is limited, "we retain jurisdiction to review certain agency determinations regarding two of the four eligibility requirements for cancellation of removal,"

2

including the good moral character requirement.  Mendez v. Holder, 566 F.3d 316, 319-20 (2d Cir. 2009).  Accordingly, we have jurisdiction to consider Latty's challenge to the denial of cancellation.

The record supports the agency's conclusion that Latty failed to sustain his burden to demonstrate good moral character, because there was reason to believe that Latty was a drug trafficker. Although Latty's drug conviction was vacated, the arrest report detailed that police found eight bags of marijuana in Latty's car, that Latty directed police to his "stash house," and that in the stash house police found more marijuana, "numerous cardboard boxes and packaging material," and a scale "that had a green plant like substance on it next to a[n] open box of sandwich bags."  The plain terms of § 1182(a)(2)(C)(i) require only a reasonable belief that the applicant has been engaged in drug trafficking; a conviction is not required.  See Garces v. U.S. Att'y Gen., 611 F.3d 1337, 1345 (11th Cir. 2010); Matter of Rico, 16 I. & N. Dec. 181, 184 (BIA 1977).

Latty argues that the arrest report is hearsay and unreliable, and that his attorney duly objected to its admission at his merits hearing.  Latty's argument is misplaced.  "The Federal Rules of Evidence do not apply in removal proceedings; rather, '[e]vidence is admissible provided that it does not violate the alien's right to due process of law.'"  Zerrei v. Gonzales, 471 F.3d 342, 346 (2d Cir. 2006) (quoting Zhen Nan Lin v. U.S. Dep't of Justice, 459 F.3d 255, 268 (2d Cir. 2006)).  "The standard for due process is satisfied if the evidence 'is probative and its use is fundamentally fair,' fairness in this context being 'closely related to the reliability and trustworthiness of the evidence.'"  Id. (quoting Zhen Nan Lin, 459 F.3d at 268).  Further, Latty's claim that the report is unreliable is not supported by the record: the report contained detailed accounts of the officers' personal observations and evidence found during both the initial arrest and the search of Latty's stash house.

We have considered Latty's remaining arguments and conclude that they are without merit.  Accordingly, Latty's unexhausted arguments concerning bias and ineffective assistance are DISMISSED and the remainder of his petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk