23-6460
*Stewart v. Garland*

BIA
Driscoll, IJ
A216 207 206

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-four.

PRESENT:
　　　　　DENNY CHIN,
　　　　　RICHARD J. SULLIVAN,
　　　　　　　*Circuit Judges,*
　　　　　MARK A. BARNETT,
　　　　　　　*Judge.*＊

_____

NEMONE ANTHONY STEWART,

　　　　　*Petitioner*,

　　　　　v.　　　　　　　　　　　　　　　　　　23-6460

MERRICK B. GARLAND, United States

_____

＊ Chief Judge Mark A. Barnett, of the United States Court of International Trade, sitting by designation.

Attorney General,

*Respondent*.

---

**For Petitioner:**                        Matthew K. Borowski, Borowski Witmer Immigration Lawyers, Buffalo, NY.

**For Respondent:**                   Brian M. Boynton, Principal Deputy Attorney General, Melissa K. Lott, Senior Litigation Counsel, Rodolfo D. Saenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Petition for review of a decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Nemone Anthony Stewart, a native and citizen of Jamaica, petitions for review of a decision of the BIA (1) affirming an immigration judge's denial of Stewart's application for adjustment of status to lawful permanent resident and (2) denying Stewart's motion to remand for consideration of new evidence. *See In re Stewart*, No. A216 207 206 (B.I.A. Apr. 11, 2023), *aff'g* No. A216

2

207 206 (Immigr. Ct. Batavia Nov. 16, 2022). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.     The Application for Adjustment of Status

Under section 245 of the Immigration and Nationality Act ("INA"), an alien may be eligible for an adjustment of immigration status to that of a lawful permanent resident if the alien meets certain criteria. 8 U.S.C. § 1255. One of the criteria that an alien must meet to be eligible for an adjustment of status is that the alien be admissible. *Id.* § 1255(a)(2). The burden of demonstrating admissibility is on the alien. *See id.* § 1229a(c)(4)(A)(i). An alien is not admissible if the Attorney General "has reason to believe" that the alien "is or has been an illicit trafficker in any controlled substance." *Id.* § 1182(a)(2)(C)(i). For the Attorney General to establish such reasonable belief, the BIA has held that there must be "reasonable, substantial, and probative evidence" in support of it. *Matter of Rico*, 16 I. & N. Dec. 181, 185 (BIA 1977).

Importantly, although aliens may seek judicial review of the agency's decision on their adjustment of status claims, the INA limits the jurisdiction of federal courts to "constitutional claims or questions of law." 8 U.S.C.

3

§ 1252(a)(2)(B)(i), (D). We review those claims and questions *de novo*. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

Here, Stewart argues that the agency's determination that Stewart trafficked drugs was not supported by reasonable, substantial, and probative evidence. According to Stewart, the agency improperly gave too much weight to a police report prepared by the Passaic County Sheriff's Department in connection with Stewart's October 2021 arrest for drug possession and not enough weight to his testimony before the immigration judge ("IJ"), in which he stated that he was innocent of the crime. But the weighing of evidence in circumstances such as these is exclusively for the agency, since federal courts do not have jurisdiction over issues of fact. *See Patel v. Garland*, 596 U.S. 328, 347 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under [section] 1255.").

Stewart alternatively argues that, even taking the police report at face value, there is still not enough evidence to support the agency's conclusion that there was reason to believe he was engaged in drug trafficking. He contends that investigators never recovered money, drug paraphernalia, scales, contact lists, his

4

fingerprints, or his DNA. Without such evidence, Stewart argues, there is "[a]bsolutely nothing" linking him to the drugs. Stewart Br. at 19. We disagree.

The police report is replete with evidence supporting a reasonable belief that Stewart was engaged in drug trafficking. For starters, as both the IJ and BIA pointed out, the report shows that Stewart was arrested after police found 580 glassine envelopes of suspected heroin, approximately 150 plastic vials of suspected crack cocaine, 12 bags of suspected marijuana, and approximately 25 tablets of suspected oxycodone lying on the footrest of the driver seat in a BMW that was registered to his wife and that he was seen driving shortly before the drugs were seized. In addition, police recovered from the car a phone that had a photograph of Stewart as the background screen. The report also indicates that police confirmed with security camera footage that Stewart was the last driver of the vehicle, and that a detective observed Stewart attempting to get into the vehicle before abruptly walking away from it once he noticed that police had arrived. And while Stewart maintains that the drugs could have been placed in the car by someone else without his knowledge, the report notes that the car was locked and that the police needed to use a special tool to open it. Given Stewart's link to the

car, the way in which the large quantities of drugs were packaged, the location where the drugs were recovered in the vehicle, and his suspicious behavior when the police arrived, we cannot say that there was insufficient evidence to support a reasonable belief that Stewart had trafficked drugs.

Stewart next argues that the BIA improperly applied a clear error standard of review to assess the IJ's legal determination that there was "reason to believe" that Stewart "is or has been an illicit trafficker in any controlled substance."   8 U.S.C. § 1182(a)(2)(C)(i).   Stewart specifically quotes multiple parts of the BIA's opinion to demonstrate the BIA's purported misapplication of clear error review to its legal conclusions.   But Stewart misreads the BIA's decision, which only applied clear error review to the IJ's factual findings.   *See, e.g.,* Certified Admin. Record at 3 ("We discern no clear error in the Immigration Judge's factual findings."); *id.* ("We also discern no clear error in the Immigration Judge's underlying factual findings.").   Indeed, only after the BIA confirmed that the IJ's factual findings were not clearly erroneous did the BIA conduct a *de novo* review as to whether the IJ's factual findings provided the agency with a reason to believe that Stewart engaged in drug trafficking.   *See id.* at 4 ("In light of the factual

6

findings by the Immigration Judge, as discussed above and which we have found were not clearly erroneous, the respondent has not met his burden of establishing his admissibility, as required for adjustment of status."). We therefore reject Stewart's contention that the agency applied the wrong legal standard.

## II. The Motion for Remand

Stewart separately argues that the BIA erred when it denied his motion to remand for consideration of new evidence. We review the denial of such motions for abuse of discretion. *See Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005). The BIA abuses its discretion when it rests its decision "on an error of law, inexplicably departs from established policies, or is so devoid of any reasoning as to raise the concern that it acted in an arbitrary or capricious manner." *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023).

Here, Stewart contends that the BIA abused its discretion by not permitting him to introduce (1) an additional transcript of a hearing related to his October 2021 arrest, and (2) the state court's approval of Stewart's admission into a pretrial intervention program in lieu of a state prosecution. According to Stewart, these two new pieces of evidence corroborate that he was involved in a pretrial

7

intervention program, which would have been probative as to whether there was reason to believe he was engaged in drug trafficking. We disagree.

The IJ already considered Stewart's possible participation in a pretrial intervention program before determining that there was sufficient evidence to reasonably believe that Stewart trafficked drugs. *See* Certified Admin. Record at 86 ("The Court notes and finds that Respondent entered into a pretrial intervention program on November 7, 2022."). This is hardly surprising: the fact that Stewart had been admitted to the pretrial intervention program, and that his charges would be dismissed if he successfully completed that program, in no way suggests that Stewart was innocent of the crimes charged. To the contrary, both the additional transcript and Stewart's admission into the pretrial intervention program reinforce the inference that Stewart *was* involved in drug trafficking, given that both documents provide that the prosecution of charges will resume in the event that Stewart is terminated from the program. *Id.* at 30, 36. On this record, we are not persuaded that the introduction of this evidence would have made any difference in the outcome of the agency's determination. We therefore cannot say that the BIA abused its discretion in declining to remand on account of

new evidence.

We have considered Stewart's remaining arguments and find them to be without merit.   Accordingly, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9